UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNIE RAY BAKER,

        Petitioner,

        v.

DUNCAN MACLAREN,

        Respondent.
_____/

CASE NO. 2:13-CV-11092
CHIEF JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM ORDER: (1) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION REQUESTING THE APPOINTMENT OF COUNSEL (docket #3); (2) DENYING AS MOOT PETITIONER'S MOTION REQUESTING LIBERAL CONSTRUCTION OF ALL PLEADINGS (docket #4); (3) DENYING PETITIONER'S MOTION REQUEST DISTRICT JUDGE REVIEW OF EACH AND EVERY CONSTITUTIONAL ISSUE (docket #5); and (4) DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING (docket #6-8)

Petitioner Dannie Ray Baker filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 11, 2013, challenging his 2008 state court convictions for negligent homicide and drunk driving offenses. The matter is currently before the Court on several motions filed by petitioner on the date that he filed his habeas application.

Motion for Appointment of Counsel: In his first motion, petitioner seeks the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel in a habeas proceeding is generally appropriate only if an evidentiary hearing is required or exceptional circumstances deprive the petitioner of the means to adequately investigate, prepare, or present a colorable claim. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). A review of the pleadings shows that petitioner has clearly presented and adequately briefed his claims. In these circumstances, there are no exceptional circumstances justifying the appointment of counsel. Accordingly, petitioner's

motion will be denied without prejudice to petitioner renewing his motion or the Court appointing counsel should it later appear appropriate.

Motion for Liberal Construction: In his second motion petitioner requests that, because he is proceeding *pro se*, the Court liberally construe his pleadings. It is well established that *pro se* pleadings are entitled to a generous construction. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("handwritten *pro se* document is to be liberally construed"); *Lyons v. Powell*, 838 F.2d 28, 31 (1st Cir. 1988). This is a rule of law applicable to the Court's determination in every case involving a *pro se* party, and no motion by the party or order of the Court is necessary to make this rule operative. Accordingly, petitioner's motion will be denied as moot.

Motion Requesting District Judge Review: In his third motion, petitioner requests that the District Judge review each and every constitutional issue separately. Apparently, petitioner asks the Court to review all eight of his claims, even if the Court determines that he is entitled to relief on one of them, to avoid a situation where the Sixth Circuit reverses the grant of habeas relief and he must return to this Court for consideration of his remaining claims thus delaying the ultimate resolution of his petition. Apart from the highly speculative nature of petitioner's sequence of events at this early stage of the case, the requested relief is not appropriate. It is well within a court's discretion to decline to consider all of a petitioner's claims where the court grants relief on one of them. *See Showers v. Beard*, 586 F. Supp. 2d 310, 321 (M.D. Pa. 2008); Dorchy v. Jones, 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004) (Tarnow, J.); *cf. Foxworth v. Maloney*, 515 F.3d 1, 3 (1st Cir. 2008). Accordingly, this motion will be denied.

Motions for Evidentiary Hearing: Finally, petitioner has filed three motions requesting an

evidentiary hearing on (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) cause and prejudice to excuse any procedural default.  In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) is a hearing permitted under 28 U.S.C. § 2254(e)(2).  In deciding whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim."  *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf*. *Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations and footnote omitted).  Further, in *Cullen v. Pinholster*, 131 S. Ct. 1388, the Supreme Court held that where habeas claims have been decided on their merits in state court, a federal court's review under 28 U.S.C. section 2254(d)(1)–whether the state court determination was contrary to or an unreasonable application of established federal law–must be confined to the record that was before the state court.  *See Pinholster*, 131 S. Ct. at 1398.  The *Pinholster* Court specifically found that the district court should not have held an evidentiary hearing regarding Pinholster's claims until after the Court determined that the petition

survived review under § 2254(d)(1). *See id.*

Here, petitioner's requests for an evidentiary hearing are premature. Respondent's answer is not due until September 23, 2013, and neither the answer nor the state court record have yet been filed. Without these materials, it is impossible to determine whether petitioner satisfies Rule 8 and § 2254(e), or to determine what claims have been adjudicated on the merits barring further factual development under *Pinholster*. *Cf. Zamgola v. Campbell*, No. C 05-0975 JF, 2006 WL 2263906, at *2 (N.D. Cal. Aug. 8, 2006) (where preliminary review of petition indicated that claim might be resolved on basis of existing record, discovery was premature; court would order discovery if it later appeared necessary); *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006) ("[U]ntil [respondent] files an answer to the amended petitions, it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow."); *Mosley v. French*, 6 F. Supp. 2d 474, 479 (M.D.N.C. 1998) (denying discovery on prejudice component of claim where resolution of substantive constitutional issue could obviate need for discovery). Accordingly, petitioner's motions will be denied without prejudice to the Court ordering an evidentiary hearing should it later appear necessary and appropriate.

Accordingly, it is ORDERED that: (1) petitioner's for the appointment of counsel is hereby DENIED WITHOUT PREJUDICE to petitioner renewing his motion or the Court appointing counsel if it later appears appropriate; (2) petitioner's motion request liberal construction is hereby DENIED AS MOOT; (3) petitioner's motion requesting District Judge review of each claim is hereby DENIED; and (4) petitioner's motions for evidentiary hearing are hereby DENIED WITHOUT PREJUDICE to petitioner renewing his motion or the Court granting an evidentiary hearing should it later appear necessary and appropriate. The attention of the parties is drawn to

FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

s/ Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2013

## PROOF OF SERVICE

    I hereby certify that a copy of this order was served upon Dannie Baker and Counsel of Record on this date.

Dated: July 2, 2013                s/ Lisa C. Bartlett
                                              Case Manager